IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOTLYN WRIGHT LEE,
JOYCE LEE,
TANISHA LEE,
CLIFTON LEE,
DEVON LEE,
Plaintiffs Estate of LUDWIC V. LEE,

       Plaintiffs,

v.                                                   CIV 06-0149 KBM/ACT

CITY OF ALBUQUERQUE,
HENRY PEREA, Chief Executive for MDC
in his individual and official capacity,
MEDICAL ADMINISTRATIVE UNIT STAFF,
in individual and official capacities,
CORRECTIONAL OFFICERS, names unknown,
in individual and official capacities,
HARRY KEIFER, Reg. Dir. of TransCor America, LLC,
in individual and official capacity, and
ALL OTHER PARTIES TO THIS ACTION, KNOWN
AND UNKNOWN, in individual and official capacities,

       Defendants.

# **MEMORANDUM OPINION AND ORDER**

      Totlyn Wright Lee brings this civil rights action *pro se* and *in forma pauperis* for damages resulting from the death of her alleged husband who was in custody at the time the relevant events occurred. On October 11, 2006, I ordered Defendants to submit *Martinez* reports addressing the issues raised by the Complaint. I then intended to refer this matter to our district's *Pro Se* Civil Rights Selection Committee ("Committee") for review and to see if an attorney would agree to take on representation. *See Doc. 49*.

As previously noted, only a qualified personal representative can bring the Section 1983 action on behalf of the Estate of the deceased. *Id.* Neither Totlyn Lee nor any of the named-plaintiffs has even alleged appointment as the lawful personal representative. Moreover, only a licensed attorney may represent the Estate because it is an artificial entity. Therefore, my initial inclination was referral of the case to the Committee to see if an attorney who felt that the *Martinez* reports indicated a viable claim would be willing to take steps to bring this action on behalf the Estate. *See* 42 U.S.C. § 1988 (attorney fees available if successful).

Upon my own examination of the reports and review of all motions that have been filed in this action, however, I am now persuaded that such a referral would be inappropriate. First, the *Martinez* reports provide *prima facie* evidence of the administration of prescribed medicines to the decedent while in the defendants' custody, contrary to Plaintiffs' allegations. But more importantly, they have also called into question whether the person bringing this action has any standing to proceed even on the wrongful death claim. *See Doc. 53* at 8-9 (and exhibits attached thereto). It is not at all clear whether the person who has identified herself as Totlyn Lee is in fact the widow of the deceased. *Id.*

I believe that our referrals to the Committee should be reserved for cases for which a judge feels confident that the action has potential merit. Given the information now available to me, I am unable to reach that conclusion. Therefore, at this juncture, I have no recourse but to dismiss this action pursuant to Rule 17 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 17. ("Every action shall be prosecuted in the name of the real party in interest" with the lawful capacity to sue).

Wherefore,

**IT IS HEREBY ORDERED** that, pursuant to FED. R. CIV. P. 17, this action is **dismissed without prejudice**.

_____
UNITED STATES MAGISTRATE JUDGE